**Oran E. HILLIARD, et al., Relator,**

v.

**Honorable Wyatt A. HEARD, Respondent.**

**No. 01–83–0856–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 19, 1984.

Kenneth Strahan, Liberty, Larry A. Anderson, Anderson & Anderson, Crosby, for relator.

Frank B. Stahl, Jr., Lorance & Thompson, Robert L. Adams, Wyckoff, Russell, Dunn & Frazier, Houston, for respondent.

Before JACK SMITH, COHEN and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

Relator seeks a writ of mandamus compelling the respondent trial judge, Hon. Wyatt A. Heard, to vacate an order that

quashed relator's deposition of attorney Frank B. Stahl, Jr.

This action grows out of a lawsuit filed by relators, Oran E. Hilliard, Anita F. Hilliard and Hilliard's Restaurant & Club, Inc., against A.O. Smith Company and Morrison Supply Corporation, asserting that defendants' products, a water heater and draft diverter, were defective and caused a fire that damaged relators' restaurant.

In September and October, 1983, relators began filing affidavits by merchants and business persons concerning the reasonableness of costs and necessity of goods and services sold to relators after the fire loss as replacement and repair.

In filing the affidavits, relators were proceeding under Tex.Rev.Civ.Stat.Ann. art. 3737h, sec. 1(a) (Vernon Supp.1982), which provides that the filing of affidavits pertaining to the amount charged for services is sufficient evidence to support a finding of fact that the services were necessary and the amount charged was reasonable. Section 1(b) further provides that when a counter-affidavit is filed, section 1(a) shall have no force or effect.

Stahl, attorney of record for defendant Morrison Supply Corp., filed a controverting affidavit in which he stated in part:

Since receipt of the above mentioned Affidavits, I have examined said Affidavits. I hereby controvert said Affidavits based on my information and belief, and the Defendant's information and belief, that the services rendered according to the above mentioned Affidavits were not reasonable and necessary as a consequence of the incident made the subject of this lawsuit.

Relators then filed notice to take Stahl's deposition. He responded by filing a motion to quash, which the trial court granted. Relators contend that the trial court abused its discretion in granting the motion to quash, because Stahl subjected himself to being deposed by executing the controverting affidavit.

 Appellate courts do not have jurisdiction to issue writs of mandamus to control or correct incidental rulings of a trial judge. The writ of mandamus is proper when the trial court has clearly abused its discretion in denying discovery of properly discoverable information. *Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977). We find that the trial court committed a clear abuse of discretion by quashing the taking of Stahl's deposition.

Article 3737h, sec. 1(b), *supra*, provides that the counter-affidavit "may be made upon information and belief by the party filing it, or such party's attorney of record." However, by filing the controverting affidavit the attorney has injected himself into the lawsuit and thus subjects himself to being deposed as a witness. Tex.R.Civ.Pro. 199.

Stahl contends that mandamus should not issue to compel a useless act, and that taking his deposition would be useless because he will assert meritorious claims of attorney-client privilege and work product immunity.

The possible future assertion of such claims does not require preemptive rulings by the court. Whether or not such claims will be asserted is conjectural until they are made of record, and the mere prospect that such privilege or immunity will be urged on deposition does not justify prior restraint on the taking of a deposition. Further, respondent is entitled to know which objection (i.e., attorney-client privilege or work product immunity) is made to each question. The propriety of any such objection, when made, can be determined in accordance with Tex.R.Civ.Pro. 215a.

Accordingly, relator's petition for writ of mandamus is conditionally granted to compel Judge Heard to set aside his order quashing the deposition of Frank B. Stahl Jr. The writ of mandamus will issue only if Judge Heard does not vacate that order.