**Agnes LUMMUS and James Lummus, Relators,**

v.

**Honorable Joe Ned DEAN, Respondent.**

**No. 09-87-215 CV.**

Court of Appeals of Texas, Beaumont.

April 21, 1988.

Rehearing Denied May 4, 1988.

Travis E. Kitchens, Jr., Evans and Kitchens, Groveton, for relators.

Ruben Hope, Jr. and Bonnie Stein, Ruben Hope & Associates, P.C., Conroe, for respondent.

## OPINION

BROOKSHIRE, Justice.

The Relators petition for a writ of mandamus requesting the issuance of such writ requiring the Respondent, District Judge Joe Ned Dean, Presiding Judge of the 258th Judicial District of San Jacinto County, to vacate his order that quashed the taking of an attorney's, Honorable Tim Cappolino's, deposition. Mr. Cappolino was, at that time, the attorney for the real party in interest, being the defendant.

The underlying civil case arises out of a vehicular collision. Lummus and wife had sued for damages for personal injuries.

During the course of discovery, the plaintiffs below had filed an affidavit of Dr. James Scheiner M.D. [also spelled "Schiener"], which affidavit incorporated, by reference, several itemized statements for professional physician's services and care rendered to Agnes Lummus by Dr. Scheiner. The affidavit further stated the attachments and exhibits were kept by the doctor, or someone under his supervision, in

the regular course of his business. In substance, the doctor swore that the charges for the physician's services and care were reasonable and that the services and care were necessary to provide care for the patient. The doctor also swore that all of the charges were reasonable and customary charges for like services rendered in the Polk County area.

The real party at interest was Ramona Thornton. Tim Cappolino filed *two controverting affidavits in opposition* to the affidavit of the doctor. Cappolino swore, in substance, that he was the attorney of record for Thornton and that he was knowledgeable in the review and evaluation of injuries, medical treatments, medical records and medical charges. Cappolino also swore that, upon information and belief, the medical charges incurred by Agnes Lummus at the doctor's were not made necessary, in whole or in part, by the automobile accident but rather by some other cause than the alleged accident which was the basis of the lawsuit.

The second controverting affidavit was filed September 21, 1987. Thereafter, the plaintiff, Agnes Lummus, gave notice of her intention to take the oral deposition of Tim Cappolino. Then, the real party at interest filed a motion to quash the taking of the oral deposition. A first amended controverting affidavit was filed by Cappolino challenging the following charges:

1. Charge of 6/15/87—Medical report, attorney, $45.00;
2. 8/12/87—OV report $85.00;
3. 9/8/87—Med. records and affidavit $25.00;
4. 9/8/87—Prpmt. per Mr. Travis $75.00.

The amended controverting affidavit did not specifically limit the controverting affidavit, however, to the charges above listed; nor does it definitely set aside the first affidavit.

The Relators were proceeding under *TEX. CIV. PRAC. & REM. CODE ANN. Sec. 18.001* (Vernon 1986 and Vernon Supp. 1988), entitled "Affidavit Concerning Cost and Necessity of Services" which became effective September 1, 1985.

*Sec. 18.001* provides, in substance, that if no controverting affidavit is filed, an affidavit under this section, that the amount a person charges for a service was reasonable at the time and place that the service was performed and that the service was necessary, constitutes sufficient evidence to support a finding of fact to that effect.

We conclude that, when the Respondent's attorney of record filed the two controverting affidavits, worded as these were, he injected himself into the lawsuit as a witness. This, we think, is especially true under the language that the attorney used in his affidavits. Thus, he subjected himself to being deposed as a witness in the case. *Hilliard v. Heard,* 666 S.W.2d 584 (Tex.App.—Houston [1st Dist.] 1984, no writ).

We do not want to be understood as disallowing any meritorious claims or positions that the witness-attorney may take involving any bona fide attorney-client privilege or any bona fide good faith work product immunity from discovery.

Under this record, at this time, we simply cannot pass on those matters. The future urging of such claims of privilege and nondiscovery simply cannot mandate any premature, preemptive rulings by us at this time. The mere prospect that such a privilege or immunity might be raised and argued in the future, at the deposition, will not justify a prior restraint by this court to prevent the taking of the desired deposition. *Hilliard, supra.*

Furthermore, the Respondent–Trial Judge is entitled to know which objection, if any, is made to any question posed at the deposition. We are confident that Judge Dean will set aside his previous order quashing the deposition of Hon. Tim Cappolino. Hence, we conditionally grant the Writ of Mandamus. The Writ of Mandamus will issue only if the trial judge fails to vacate that order.

As a practical matter, with an eye to saving expense and conserving the District Judge's time, it may be well—this is a suggestion only—that the attorneys involved discuss the four or five elements set

out in the amended controverting affidavit in an effort to see if this entire matter could be settled amicably to the full satisfaction of the parties.