**In re Sandra MENDEZ, Relator.**

No. 08–06–00311/CV.

Court of Appeals of Texas,
El Paso.

May 10, 2007.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, L.L.P., El Paso, for Relator.

Ben H. Langford, El Paso, for int. party.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Relator Sandra Mendez seeks a writ of mandamus against Respondent, the Hon-

orable Javier Alvarez, Judge of the County Court at Law No. 3 of El Paso County. At issue is whether a consulting expert who provides a controverting affidavit as to reasonable and necessary medical services waives privilege and is subject to deposition. For the reasons that follow, we deny mandamus relief.

## FACTUAL SUMMARY

Daniel Aguilar filed a suit against Sandra Mendez alleging he was injured as a result of an automobile accident. Pursuant to Section 18.001 of the Civil Practice and Remedies Code, Aguilar filed a "Notice of Filing Medical Bill Affidavit for Gonzalez Chiropractic Family Practice." Mendez responded with a controverting affidavit of Dr. Michele Doone, D.C. who stated her qualifications and opined that much of the treatment provided to Aguilar by the chiropractic practice was excessive, unreasonable, and unnecessary. As the basis for her opinion, Dr. Doone stated many of the treatments could have been administered at home after the first week of treatment and there was excessive use of passive modalities which were medically unnecessary. Additionally, some of the charges reflected in Aguilar's bills appeared to be for a patient other than Aguilar. Dr. Doone based her opinions on the standards of general chiropractic practice. Aguilar attempted to notice Dr. Doone's deposition, but Mendez objected on the ground that Dr. Doone had not been designated as a testifying expert. Asserting that Mendez had injected Dr. Doone into the case by filing the controverting affidavit, Aguilar filed a motion to compel. Mendez sought a protective order based on the consulting expert privilege. Following a hearing, Respondent granted Aguilar's motion to compel Dr. Doone's deposition. Mendez has filed a petition seeking mandamus relief.

## PROTECTION OF CONSULTING EXPERTS

Mendez contends that she is entitled to mandamus relief because the trial court lacked the discretion to order the deposition of her consulting expert. Aguilar responds that when Mendez used Dr. Doone's affidavit to controvert the Section 18.001 affidavit, she lost the protection of the consulting expert privilege. He cites *Hilliard v. Heard*, 666 S.W.2d 584 (Tex. App.-Houston [1st Dist.] 1984)(orig.proceeding) and *Lummus v. Dean*, 750 S.W.2d 312 (Tex.App.-Beaumont 1988)(orig.proceeding) in support of his argument.

### Standard of Review

Mandamus will issue only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994)(orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992)(orig.proceeding). A court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839. The party challenging the trial court's decision as an abuse of discretion must establish that the facts and the law permit the trial court to make but one decision. *In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex.2000)(orig.proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). A trial court is vested with broad discretion in determining the scope of discovery. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985)(orig.proceeding).

### Consulting Expert Privilege

The primary policy behind discovery is to seek truth so that disputes may be decided by facts that are revealed rather than concealed. *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 559 (Tex. 1990). Privileges from discovery run contrary to this policy but serve other legitimate interests. *Id.* The policy behind the consulting expert privilege is to encourage parties to seek expert advice in evaluating their case and to prevent a party from receiving undue benefit from an adversary's efforts and diligence. *Id.* The protection afforded by the consulting expert privilege is intended to be only a shield to prevent a litigant from taking undue advantage of his adversary's industry and effort, not a sword to be used to thwart justice or to defeat the salutary objects of discovery. *Id.*

A testifying expert is an expert who may be called to testify as an expert witness at trial. Tex.R.Civ.P. 192.7(c). A consulting expert is an expert who has been consulted, retained, or specially employed by a party in anticipation of litigation or in preparation for trial, but who is not a testifying expert. Tex.R.Civ.P. 192.7(d). The identity, mental impressions, and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are not discoverable. Tex.R.Civ.P. 192.3(e).

### Section 18.001

A claim for past medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of his injuries. *Walker v. Ricks*, 101 S.W.3d 740, 746 (Tex.App.-Corpus Christi 2003, no pet.); *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex.App.-Dallas 1988, no writ). There are two methods a plaintiff can utilize to prove the reasonableness and necessity of past medical expenses: (1) expert testimony; or (2) an affidavit prepared and filed in compliance with Section 18.001 of the Texas Civil Practice and Remedies Code. *Walker*, 101 S.W.3d at 746; *Rodriguez–Narrera v. Ridinger*, 19 S.W.3d 531, 532–33 (Tex.App.-Fort Worth 2000, no pet.).

Section 18.001(b) provides that:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex.Civ.Prac. & Rem.Code Ann. art. 18.001(b)(Vernon 1997). A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

(1) not later than:

(A) 30 days after the day he receives a copy of the affidavit; and

(B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before the commencement of evidence at trial.

Tex.Civ.Prac. & Rem.Code Ann. art. 18.001(e). The counteraffidavit must give reasonable notice of the basis on which the party filing it intends to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. Tex.Civ.Prac. & Rem.Code Ann. art. 18.001(f). The counteraffidavit must be made by a person who is qualified—by knowledge, skill, experi-

ence, training, education, or other expertise—to testify in contravention of all or part of any of the matters contained in the initial affidavit. *Id.*

Section 18.001 is an evidentiary statute that accomplishes three things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed controverting affidavit. *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex.App.-El Paso 1998, no pet.). By filing a proper controverting affidavit, the opposing party can force the offering party to prove reasonableness and necessity by expert testimony at trial. *Hong v. Bennett,* 209 S.W.3d 795, 800 (Tex.App.-Fort Worth 2006, no pet.); *Castillo,* 965 S.W.2d at 654. By filing the counteraffidavit of his consulting expert, Mendez has forced Aguilar to offer expert testimony at trial to prove the reasonableness and necessity of his past medical expenses. The question is whether Mendez waived the consulting expert privilege by filing Dr. Doone's counteraffidavit.

### Offensive Use of the Privilege

Mendez concedes that a party may waive the consulting expert privilege by making use of a consulting expert's affidavit. Citing *Hardesty v. Douglas,* 894 S.W.2d 548 (Tex.App.-Waco 1995)(orig.proceeding), she contends that waiver occurs only where the expert offers the equivalent of trial testimony in an integral part of the proceeding. In *Hardesty,* a medical malpractice case, the defendant physician filed a motion for summary judgment supported by his own affidavit to demonstrate that he had met the appropriate standard of care. Another defendant filed a motion for summary judgment utilizing the doctor's affidavit. The plaintiffs filed a response to the motion, using the affidavit of Dr. Robert Capehart. The trial court granted the defendants' motions for summary judgment but the court of appeals reversed and remanded for trial. On remand, the defendants attempted to depose Dr. Capehart but the plaintiffs designated him a consulting expert and refused to produce him for the deposition. The trial court granted the defendants' motion to compel and the plaintiffs sought mandamus relief. The court of appeals determined that the filing of Dr. Capehart's affidavit with the plaintiffs' response to the summary judgment motion was the equivalent of calling him to testify. *Id.* at 551. By presenting the expert's testimony in an integral part of the proceeding, they had used the expert as a sword and could not rely on the consulting expert privilege as a shield. *Id.*

Contrasting this case with *Hardesty,* Mendez maintains that she did not use Dr. Doone's affidavit to establish any fact in an integral part of the proceeding. She argues that the affidavit serves only as the prerequisite to contesting at trial whether Aguilar's chiropractic bills are reasonable or necessary. *Hardesty* is distinguishable because we are concerned here with whether Mendez's filing of the affidavit waived the consulting expert privilege, whereas the issue in *Hardesty* was whether the plaintiffs' designation of an expert as a consulting expert constituted an offensive use of the privilege since the expert had already given an affidavit in response to the defendants' motions for summary judgment. We do not view *Hardesty* as establishing a bright-line rule for finding a waiver of the consulting expert privilege.

### Hilliard and Lummus

Aguilar relies primarily on two cases, *Lummus v. Dean* and *Hilliard v. Heard,*

in support of his argument that Mendez waived the privilege and subjected her expert to deposition by filing the controverting affidavit. *Lummus* also involved a traffic accident. Pursuant to Section 18.001, the plaintiffs, Agnes and James Lummus, filed the itemized statements of physician who had treated Agnes. The filing included the doctor's affidavit that the charges were reasonable and the services were necessary. Defense counsel filed two controverting affidavits in opposition to the doctor's affidavit. The attorney swore that he was knowledgeable in the review and evaluation of injuries, medical treatments, medical records and medical charges. He also swore that the medical charges incurred by Agnes were not necessitated by the accident but rather by some other cause. After Lummus gave notice of intent to depose the attorney, counsel filed an amended controverting affidavit challenging certain charges, but he did not withdraw or limit the original affidavits. The trial court granted the defendant's motion to quash the deposition and Lummus sought mandamus relief. The court of appeals concluded that when the attorney filed the two controverting affidavits, he injected himself into the lawsuit as a witness and was subject to being deposed. *Lummus*, 750 S.W.2d at 313. The court expressly held that its ruling did not foreclose the possibility that the attorney might object to particular deposition questions on the grounds of attorney-client privilege or work product. *Id.*

In *Hilliard*, the First Court of Appeals likewise determined that an attorney injected himself into a lawsuit and became subject to deposition. *Hilliard*, 666 S.W.2d at 585. There, the plaintiffs filed suit alleging that the defendants' products, a water heater and draft diverter, were defective and caused a fire that damaged the plaintiffs' restaurant. Pursuant to former Article 3737h § 1(a), the plaintiffs filed affidavits concerning the reasonableness of costs and necessity of goods and services purchased by plaintiffs for replacement and repair. If the opposing party filed a controverting affidavit, the affidavits could not be used at trial as proof of the reasonableness and necessity of the replacement and repair costs. The statute specifically provided that the controverting affidavit could by made upon information and belief by the party filing it or by the party's attorney. The attorney for one of the defendants filed a controverting affidavit that the services rendered were not reasonable and necessary as a consequence of the incident made the subject of the lawsuit. The plaintiffs noticed the attorney's deposition and the trial court granted the attorney's motion to quash. The court of appeals held that by filing the controverting affidavit, the attorney injected himself into the lawsuit and subjected himself to being deposed as a witness. *Id.* at 585. It rejected the attorney's contention that taking his deposition would be useless because he would assert meritorious claims of attorney-client privilege and work product immunity. *Id.* The court concluded that it was conjectural whether such claims would be asserted and the mere prospect that privilege or immunity would be urged at the deposition did not justify prior restraint on the taking of the deposition. *Id.* Ruling on these objections when made was a matter for the trial court. *Id.*

■ Mendez contends that although *Lummus* and *Hilliard* held that the attorneys injected themselves into the case by filing the controverting affidavits, the courts of appeals also specifically held that the attorneys did not waive the attorney-client or work product privilege by doing so. Thus, she argues the cases do not stand for the proposition that any discovery privilege is necessarily waived by the

simple act of providing a controverting affidavit. We agree that *Lummus* and *Hilliard* should not be read too broadly. But the facts of this case present sufficient cause for finding waiver of the consulting expert privilege as to those matters stated in the affidavit. As a consulting expert, Dr. Doone's opinions and mental impressions are privileged from discovery. Mendez voluntarily disclosed her consulting expert's opinions by filing the controverting affidavit. On these facts, we are compelled to find waiver of the privilege with respect to those matters stated in the affidavit. Our opinion should not be read as holding that Mendez waived the consulting expert privilege with respect to other opinions and mental impressions held by Dr. Doone which are not stated in the affidavit. Finding no abuse of discretion in the denial of Mendez's motion to quash Dr. Doone's deposition, we deny mandamus relief.