Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: SANDRA MENDEZ,



 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00311-CV



AN ORIGINAL PROCEEDING

 IN MANDAMUS





O P I N I O N


 Relator Sandra Mendez seeks a writ of mandamus against Respondent, the Honorable Javier
Alvarez, Judge of the County Court at Law No. 3 of El Paso County. At issue is whether a 
consulting expert who provides a controverting affidavit as to reasonable and necessary medical
services waives privilege and is subject to deposition. For the reasons that follow, we deny
mandamus relief.

FACTUAL SUMMARY


 Daniel Aguilar filed a suit against Sandra Mendez alleging he was injured as a result of an
automobile accident. Pursuant to Section 18.001 of the Civil Practice and Remedies Code, Aguilar
filed a "Notice of Filing Medical Bill Affidavit for Gonzalez Chiropractic Family Practice." Mendez
responded with a controverting affidavit of Dr. Michele Doone, D.C. who stated her qualifications
and opined that much of the treatment provided to Aguilar by the chiropractic practice was
excessive, unreasonable, and unnecessary. As the basis for her opinion, Dr. Doone stated many of
the treatments could have been administered at home after the first week of treatment and there was
excessive use of passive modalities which were medically unnecessary. Additionally, some of the
charges reflected in Aguilar's bills appeared to be for a patient other than Aguilar. Dr. Doone based
her opinions on the standards of general chiropractic practice. Aguilar attempted to notice
Dr. Doone's deposition, but Mendez objected on the ground that Dr. Doone had not been designated
as a testifying expert. Asserting that Mendez had injected Dr. Doone into the case by filing the
controverting affidavit, Aguilar filed a motion to compel. Mendez sought a protective order based
on the consulting expert privilege. Following a hearing, Respondent granted Aguilar's motion to
compel Dr. Doone's deposition. Mendez has filed a petition seeking mandamus relief.

PROTECTION OF CONSULTING EXPERTS


 Mendez contends that she is entitled to mandamus relief because the trial court lacked the
discretion to order the deposition of her consulting expert. Aguilar responds that when Mendez used
Dr. Doone's affidavit to controvert the Section 18.001 affidavit, she lost the protection of the
consulting expert privilege. He cites Hilliard v. Heard, 666 S.W.2d 584 (Tex.App.--Houston [1st
Dist.] 1984)(orig. proceeding) and Lummus v. Dean, 750 S.W.2d 312 (Tex.App.--Beaumont
1988)(orig. proceeding) in support of his argument.

Standard of Review


 Mandamus will issue only when the mandamus record establishes (1) a clear abuse of
discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate
remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994)(orig. proceeding); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex.1992)(orig. proceeding). A court clearly abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law. Walker, 827 S.W.2d at 839. The party challenging the trial court's decision as an abuse of
discretion must establish that the facts and the law permit the trial court to make but one decision. 
In re University Interscholastic League, 20 S.W.3d 690, 692 (Tex. 2000)(orig. proceeding); Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). A trial court is
vested with broad discretion in determining the scope of discovery. Ginsberg v. Fifth Court of
Appeals, 686 S.W.2d 105, 108 (Tex. 1985)(orig. proceeding).

Consulting Expert Privilege


 The primary policy behind discovery is to seek truth so that disputes may be decided by facts
that are revealed rather than concealed. Tom L. Scott, Inc. v. McIlhany, 798 S.W.2d 556, 559 (Tex.
1990). Privileges from discovery run contrary to this policy but serve other legitimate interests. Id. 
The policy behind the consulting expert privilege is to encourage parties to seek expert advice in
evaluating their case and to prevent a party from receiving undue benefit from an adversary's efforts
and diligence. Id. The protection afforded by the consulting expert privilege is intended to be only
a shield to prevent a litigant from taking undue advantage of his adversary's industry and effort, not
a sword to be used to thwart justice or to defeat the salutary objects of discovery. Id.

 A testifying expert is an expert who may be called to testify as an expert witness at trial. 
Tex.R.Civ.P. 192.7(c). A consulting expert is an expert who has been consulted, retained, or
specially employed by a party in anticipation of litigation or in preparation for trial, but who is not
a testifying expert. Tex.R.Civ.P. 192.7(d). The identity, mental impressions, and opinions of a
consulting expert whose mental impressions and opinions have not been reviewed by a testifying
expert are not discoverable. Tex.R.Civ.P. 192.3(e).

Section 18.001


 A claim for past medical expenses must be supported by evidence that such expenses were
reasonably necessary for the plaintiff to incur as a result of his injuries. Walker v. Ricks, 101 S.W.3d
740, 746 (Tex.App.--Corpus Christi 2003, no pet.); Transport Concepts, Inc. v. Reeves, 748 S.W.2d
302, 305 (Tex.App.--Dallas 1988, no writ). There are two methods a plaintiff can utilize to prove
the reasonableness and necessity of past medical expenses: (1) expert testimony; or (2) an affidavit
prepared and filed in compliance with Section 18.001 of the Texas Civil Practice and Remedies
Code. Walker, 101 S.W.3d at 746; Rodriguez-Narrera v. Ridinger, 19 S.W.3d 531, 532-33
(Tex.App.--Fort Worth 2000, no pet.).

 Section 18.001(b) provides that:

 (b) Unless a controverting affidavit is filed as provided by this section, an affidavit
that the amount a person charged for a service was reasonable at the time and place
that the service was provided and that the service was necessary is sufficient evidence
to support a finding of fact by judge or jury that the amount charged was reasonable
or that the service was necessary.


Tex.Civ.Prac.&Rem.Code Ann. art. 18.001(b)(Vernon 1997). A party intending to controvert a
claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a
copy of the counteraffidavit on each other party or the party's attorney of record:

 (1) not later than:

 (A) 30 days after the day he receives a copy of the affidavit; and

 (B) at least 14 days before the day on which evidence is first presented at the
trial of the case; or


 (2) with leave of the court, at any time before the commencement of evidence at trial.

Tex.Civ.Prac.&Rem.Code Ann. art. 18.001(e). The counteraffidavit must give reasonable notice
of the basis on which the party filing it intends to controvert the claim reflected by the initial
affidavit and must be taken before a person authorized to administer oaths. Tex.Civ.Prac.&
Rem.Code Ann. art. 18.001(f). The counteraffidavit must be made by a person who is qualified--by
knowledge, skill, experience, training, education, or other expertise--to testify in contravention of
all or part of any of the matters contained in the initial affidavit. Id.

 Section 18.001 is an evidentiary statute that accomplishes three things: (1) it allows for the
admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would
otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support
findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon
proper objection, in the absence of a properly-filed controverting affidavit. Castillo v. American
Garment Finishers Corp., 965 S.W.2d 646, 654 (Tex.App.--El Paso 1998, no pet.). By filing a
proper controverting affidavit, the opposing party can force the offering party to prove
reasonableness and necessity by expert testimony at trial. Hong v. Bennett, 209 S.W.3d 795, 800
(Tex.App.--Fort Worth 2006, no pet.); Castillo, 965 S.W.2d at 654. By filing the counteraffidavit
of his consulting expert, Mendez has forced Aguilar to offer expert testimony at trial to prove the
reasonableness and necessity of his past medical expenses. The question is whether Mendez waived
the consulting expert privilege by filing Dr. Doone's counteraffidavit.

Offensive Use of the Privilege


 Mendez concedes that a party may waive the consulting expert privilege by making use of
a consulting expert's affidavit. Citing Hardesty v. Douglas, 894 S.W.2d 548 (Tex.App.--Waco
1995)(orig. proceeding), she contends that waiver occurs only where the expert offers the equivalent
of trial testimony in an integral part of the proceeding. In Hardesty, a medical malpractice case, the
defendant physician filed a motion for summary judgment supported by his own affidavit to
demonstrate that he had met the appropriate standard of care. Another defendant filed a motion for
summary judgment utilizing the doctor's affidavit. The plaintiffs filed a response to the motion,
using the affidavit of Dr. Robert Capehart. The trial court granted the defendants' motions for
summary judgment but the court of appeals reversed and remanded for trial. On remand, the
defendants attempted to depose Dr. Capehart but the plaintiffs designated him a consulting expert
and refused to produce him for the deposition. The trial court granted the defendants' motion to
compel and the plaintiffs sought mandamus relief. The court of appeals determined that the filing
of Dr. Capehart's affidavit with the plaintiffs' response to the summary judgment motion was the
equivalent of calling him to testify. Id. at 551. By presenting the expert's testimony in an integral
part of the proceeding, they had used the expert as a sword and could not rely on the consulting
expert privilege as a shield. Id.

 Contrasting this case with Hardesty, Mendez maintains that she did not use Dr. Doone's
affidavit to establish any fact in an integral part of the proceeding. She argues that the affidavit
serves only as the prerequisite to contesting at trial whether Aguilar's chiropractic bills are
reasonable or necessary. Hardesty is distinguishable because we are concerned here with whether
Mendez's filing of the affidavit waived the consulting expert privilege, whereas the issue in Hardesty
was whether the plaintiffs' designation of an expert as a consulting expert constituted an offensive
use of the privilege since the expert had already given an affidavit in response to the defendants'
motions for summary judgment. We do not view Hardesty as establishing a bright-line rule for
finding a waiver of the consulting expert privilege.


Hilliard and Lummus


 Aguilar relies primarily on two cases, Lummus v. Dean and Hilliard v. Heard, in support of
his argument that Mendez waived the privilege and subjected her expert to deposition by filing the
controverting affidavit. Lummus also involved a traffic accident. Pursuant to Section 18.001, the
plaintiffs, Agnes and James Lummus, filed the itemized statements of physician who had treated
Agnes. The filing included the doctor's affidavit that the charges were reasonable and the services
were necessary. Defense counsel filed two controverting affidavits in opposition to the doctor's
affidavit. The attorney swore that he was knowledgeable in the review and evaluation of injuries,
medical treatments, medical records and medical charges. He also swore that the medical charges
incurred by Agnes were not necessitated by the accident but rather by some other cause. After
Lummus gave notice of intent to depose the attorney, counsel filed an amended controverting
affidavit challenging certain charges, but he did not withdraw or limit the original affidavits. The
trial court granted the defendant's motion to quash the deposition and Lummus sought mandamus
relief. The court of appeals concluded that when the attorney filed the two controverting affidavits,
he injected himself into the lawsuit as a witness and was subject to being deposed. Lummus, 750
S.W.2d at 313. The court expressly held that its ruling did not foreclose the possibility that the
attorney might object to particular deposition questions on the grounds of attorney-client privilege
or work product. Id.

 In Hilliard, the First Court of Appeals likewise determined that an attorney injected himself
into a lawsuit and became subject to deposition. Hilliard, 666 S.W.2d at 585. There, the plaintiffs
filed suit alleging that the defendants' products, a water heater and draft diverter, were defective and
caused a fire that damaged the plaintiffs' restaurant. Pursuant to former Article 3737h § 1(a), the
plaintiffs filed affidavits concerning the reasonableness of costs and necessity of goods and services
purchased by plaintiffs for replacement and repair. If the opposing party filed a controverting
affidavit, the affidavits could not be used at trial as proof of the reasonableness and necessity of the
replacement and repair costs. The statute specifically provided that the controverting affidavit could
by made upon information and belief by the party filing it or by the party's attorney. The attorney
for one of the defendants filed a controverting affidavit that the services rendered were not
reasonable and necessary as a consequence of the incident made the subject of the lawsuit. The
plaintiffs noticed the attorney's deposition and the trial court granted the attorney's motion to quash. 
The court of appeals held that by filing the controverting affidavit, the attorney injected himself into
the lawsuit and subjected himself to being deposed as a witness. Id. at 585. It rejected the attorney's
contention that taking his deposition would be useless because he would assert meritorious claims
of attorney-client privilege and work product immunity. Id. The court concluded that it was
conjectural whether such claims would be asserted and the mere prospect that privilege or immunity
would be urged at the deposition did not justify prior restraint on the taking of the deposition. Id. 
Ruling on these objections when made was a matter for the trial court. Id.

 Mendez contends that although Lummus and Hilliard held that the attorneys injected
themselves into the case by filing the controverting affidavits, the courts of appeals also specifically
held that the attorneys did not waive the attorney-client or work product privilege by doing so. Thus,
she argues the cases do not stand for the proposition that any discovery privilege is necessarily
waived by the simple act of providing a controverting affidavit. We agree that Lummus and Hilliard
should not be read too broadly. But the facts of this case present sufficient cause for finding waiver
of the consulting expert privilege as to those matters stated in the affidavit. As a consulting expert,
Dr. Doone's opinions and mental impressions are privileged from discovery. Mendez voluntarily
disclosed her consulting expert's opinions by filing the controverting affidavit. On these facts, we
are compelled to find waiver of the privilege with respect to those matters stated in the affidavit. Our
opinion should not be read as holding that Mendez waived the consulting expert privilege with
respect to other opinions and mental impressions held by Dr. Doone which are not stated in the
affidavit. Finding no abuse of discretion in the denial of Mendez's motion to quash Dr. Doone's
deposition, we deny mandamus relief.



May 10, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.