# NO. 12-08-00397-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: ENERGY TRANSFER PARTNERS,* | § | |
| *L.P., ENERGY TRANSFER EQUITY, L.P.,* | | *ORIGINAL PROCEEDING* |
| *AND HOUSTON PIPE LINE CO., L.P.,* | § | |
| *RELATORS* | | |

# NO. 12-08-00422-CV

| | | |
|---|---|---|
| *IN RE: JOEY COURTNEY, MOLINA* | § | |
| *COURTNEY, MARCS HAVARD, MELISSA* | | |
| *HAVARD, WILLIAM E. WINDSOR,* | | |
| *BONNIE R. WINDSOR, PAT GRAY,* | | |
| *KENNETH GRAY, CLIFTON COURTNEY,* | | |
| *JEANNA COURTNEY, DEBBIE HAVARD,* | | |
| *LLOYD HAVARD, CAREY HAVARD,* | | |
| *SHARON MCGOVREY, EARL R. HAVARD,* | § | *ORIGINAL PROCEEDING* |
| *JOYCE HAVARD, JOE COURTNEY, BETTY* | | |
| *COURTNEY, CURTIS RAY HINSON, GENEVA* | | |
| *HINSON, MELISSA J. SAULSBURY,* | | |
| *LARRY GRIMES, MILTON GRIMES, TERESA* | | |
| *GRIMES, ROYCE BOYKIN, CAROL BOYKIN,* | | |
| *LIZZIE BOYKIN, KENNETH BOYKIN,* | | |
| *TOMMY GRIMES, AND PATRICIA GRIMES,* | | |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Energy Transfer Partners, L.P. ("Energy Transfer"), Energy Transfer Equity, L.P., and Houston Pipe Line Co., L.P. (collectively "Defendants"), challenge the trial court's order compelling production of the portion of a sound report referable to the property of Joey and Molina Courtney. Subsequently, the Courtneys and the other plaintiffs in the underlying suit filed a petition for writ of mandamus seeking an order requiring the trial court to compel production of the sound report in its entirety.[1] We conditionally grant Defendants' petition and deny Plaintiffs' petition.

## BACKGROUND

Energy Transfer built a compressor station in Zavalla, a rural community in Angelina County. The facility was noisy, and the Courtneys complained in an email to Energy Transfer. In response, Energy Transfer informed the Courtneys that it would have someone investigate the problem. Ultimately, Energy Transfer identified HFP Acoustical Consultants, Inc. as the entity that would conduct sound testing of the area. Upon receiving a promise from Energy Transfer that the "results" of the testing would be shared with them, the Courtneys allowed HFP to conduct sound testing on their property. Although HFP conducted the sound testing, the Courtneys never received the results of the testing.

More than a year later, after having failed to reach an amicable resolution of the dispute, the Courtneys and several other residents from the area (collectively "Plaintiffs") filed suit. Plaintiffs then propounded requests for production, seeking, among other items, "reports relating to sound at or around the subject pump station." Defendants objected to the request, but agreed to produce

---

[1] Because both mandamus petitions relate to the same trial court order, we have consolidated these proceedings for purposes of this opinion. The real parties in interest in appellate cause number 12-08-00397-CV and the relators in appellate cause number 12-08-00422-CV are Joey Courtney, Molina Courtney, Marcs Havard, Melissa Havard, William E. Windsor, Bonnie R. Windsor, Pat Gray, Kenneth Gray, Clifton Courtney, Jeanna Courtney, Debbie Havard, Lloyd Havard, Carey Havard, Sharon McGovrey, Earl R. Havard, Joyce Havard, Joe Courtney, Betty Courtney, Curtis Ray Hinson, Geneva Hinson, Melissa J. Saulsbury, Larry Grimes, Milton Grimes, Teresa Grimes, Royce Boykin, Carol Boykin, Lizzie Boykin, Kenneth Boykin, Tommy Grimes, and Patricia Grimes. Stanley Mieth and Cadie Mieth were also named as real parties in interest in appellate cause number 12-08-00397-CV, but we cannot verify from the record that they are plaintiffs in the underlying suit. Therefore, we conclude that they were named in error. The respondent in both proceedings is the Honorable Paul White, Judge of the 159th Judicial District Court, Angelina County, Texas.

nonprivileged documents responsive to the request. Plaintiffs filed a motion to compel, and the trial court held a hearing on the motion.

At the hearing, Plaintiffs presented evidence from Joey Courtney that several representatives of Energy Transfer had agreed to provide him with the results of the testing. He further testified that he probably would not have allowed the testing without a promise that the results would be shared with him. Defendants did not present evidence at the hearing, but they argued that the sound report prepared by David M. Jones, a senior project engineer at HFP, was protected from discovery by the consulting expert privilege. Further, the trial court agreed that Defendants could produce, at a later date, affidavits supporting their assertion of the consulting expert privilege. Defendants subsequently presented affidavits from Jones; Michael Spears, Vice President of Operations for Energy Transfer; Jonathan Lee, an employee of Energy Transfer; and Jason Mills, Defendants' attorney. Spears stated in his affidavit that, after reading the Courtneys' email, he believed there was a substantial chance that a lawsuit would be filed because of the noise from the compressor station. Spears stated further that, because of that chance, he retained HFP to investigate the Courtneys' complaint and render opinions on the noise levels near the compressor station. Lee and Jones stated in their respective affidavits that they did not remember the specifics of the conversations related by Joey Courtney at the hearing on Plaintiffs' motion to compel. And Mills stated in his affidavit that the sound report prepared by Jones had not been reviewed by a testifying expert.

The trial court signed an order on July 15, 2008, which included findings of fact that (1) "Defendants anticipated litigation at the time of the sound tests in question[,]" and (2) "[d]ata secured by Defendants on property of Plaintiff Courtney was pursuant to an agreement/consent with Plaintiff (based on e-mails from Mike Spears to "mcourtney" dated September 5 and October 3, 2006)." The trial court then concluded that all "raw data" from the sound tests and any portion of the sound report referable to the Courtneys' property are discoverable and should be produced forthwith. These original proceedings followed.

## AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). With respect to the resolution of factual

3

matters or matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. In such matters, the relators must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* The party seeking the writ of mandamus has the burden of showing that the trial court abused its discretion. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

Defendants contend that the trial court's order invades their consulting expert privilege. The scope of discovery is largely within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Mandamus is appropriate, however, when the trial court has improperly ordered disclosure of information protected by the consulting expert privilege. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1999). Appeal is an inadequate remedy for such disclosure. *See id.* Therefore, we need address only whether the trial court's order constitutes an abuse of discretion. To resolve the issue under the facts presented here, we must determine (1) whether David Jones is a consulting expert, and (2) if so, whether Defendants waived their consulting expert privilege.

## WAS JONES A CONSULTING EXPERT?

In its order, the trial court denied Plaintiffs' motion to compel production of the entire sound report, thereby making an implied finding that Jones is a consulting expert. But the court ordered production of the portion of the sound report referable to the Courtneys' property after expressly finding that Defendants secured data from the Courtneys' property pursuant to an "agreement/consent."

In their respective petitions, Plaintiffs and Defendants argue that the trial court's order constitutes an abuse of discretion for which mandamus is appropriate. They disagree, however, as to what the trial court's order should have been. Defendants argue that no portion of the sound

4

report is discoverable because it contains the mental impressions and opinions of a consulting expert. Plaintiffs contend that the entire sound report is discoverable because Defendants have not shown that Jones is a consulting expert.

**Applicable Law**

The purpose of discovery is the administration of justice by allowing the parties to obtain the fullest knowledge of facts prior to trial. *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978); *Hill & Griffith Co. v. Bryant*, 139 S.W.3d 688, 695 (Tex. App.–Tyler 2004, pet. denied). Discovery rules must be given a broad and liberal treatment. *Hill & Griffith*, 139 S.W.3d at 695. A party must be allowed to inquire into the facts underlying his opponent's case. *See id*.

Requests for production must relate to documents and tangible things within the scope of discovery. *See* TEX. R. CIV. P. 196.1(a). Generally, discovery is permitted of any nonprivileged information relevant to the subject of the lawsuit, including information that will be inadmissible at trial, as long as the request is reasonably calculated to lead to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). The scope of discovery relating to documents and tangible things is further defined as follows:

> A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of the action. A person is required to produce a document or tangible thing that is within the person's possession, custody, or control.

TEX. R. CIV. P. 192.3(b).

The mental impressions and opinions of a consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert are privileged. TEX. R. CIV. P. 192.3(e); *see also Gayle*, 951 S.W.2d at 473-74. A consulting expert is an expert consulted, retained, or specially employed by a party in anticipation of litigation or in preparation for trial, but not designated as a testifying expert. TEX. R. CIV. P. 192.7(d). A task is performed "in anticipation of litigation" if (1) "the circumstances surrounding the investigation would have indicated to a reasonable person that there was a substantial chance of litigation[,]" and (2) "the party invoking the privilege believes in good faith that there is a substantial chance that litigation will ensue." *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993).

5

**Analysis**

According to the record, by the time HFP had been retained to perform the sound tests, Energy Transfer had received a complaint from the Courtneys. Energy Transfer also knew that other residents in the area were upset about the noise. Further, Joey Courtney admitted at the hearing on Plaintiffs' motion to compel that Defendants reasonably could have thought that the Courtneys and other area residents were going to sue.[2] Defendants may have hoped that Jones's work would help them resolve the controversy without litigation. However, the trial court heard testimony that Defendants knew the allowable legal limits for noise produced by the compressor station, and Jones's sound report provided Defendants with information to be used if they were sued. Therefore, the trial court reasonably could have found that HFP was retained in anticipation of litigation at the time of the sound tests and that Jones is a consulting expert.[3]

In their mandamus petition, Plaintiffs argue that Jones cannot be a consulting expert because HFP, Jones's employer, was not retained in anticipation of litigation. *See id.* (for party to successfully invoke privilege, investigation must actually have been conducted for purpose of preparing for litigation). They point out that Spears told the Courtneys in an email that the data from the sound tests "[would] be used to develop recommendations to help minimize the noise level coming from the site." They also note that (1) the sound tests and report were ordered by Energy Transfer's vice president of operations (Spears) instead of by its legal department, and (2) Energy Transfer made no effort to keep Jones's name confidential. *See* TEX. R. CIV. P. 192.3(e) (protects identity of consulting expert whose mental impressions and opinions have not been reviewed by a testifying expert). These facts, Plaintiffs assert, establish that HFP's investigation was performed for an ordinary business purpose and not in anticipation of litigation. Consequently, they conclude that Jones's entire report is discoverable. Defendants respond that an investigation, even if performed in the ordinary course of business, is conducted in anticipation of litigation if it passes both prongs of the test applied in *National Tank Co. v. Brotherton*. *See Nat'l Tank*, 851 S.W.2d

---

[2] That Plaintiffs waited another year before suing is probative, but not dispositive.

[3] Because the consulting expert privilege does not protect the firsthand knowledge of relevant facts Jones acquired when he conducted the sound tests, the trial court properly held that the raw data from the sound tests is discoverable. *See* TEX. R. CIV. P. 192.3(e); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). Defendants do not challenge this portion of the trial court's order.

at 206.

In determining whether HFP was retained in anticipation of litigation, the trial court was required to examine the totality of the circumstances. *See id.* Thus, the dual purpose of the sound tests and report and the fact that Spears, and not Energy Transfer's legal department, ordered them are not controlling. With respect to Jones's identity, Defendants acknowledge, and the record shows, that Jones is a dual capacity witness—a consulting expert as well as a fact witness—because he acquired firsthand knowledge of relevant facts relating to the case when he performed the sound testing. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990); *In re Bell Helicopter Textron, Inc.*, 87 S.W.3d 139, 150 (Tex. App.–Fort Worth 2002, orig. proceeding [mandamus denied]). The identity of a fact witness is discoverable even if that fact witness is also a consulting expert. *See Axelson*, 798 S.W.2d at 555; *Bell Helicopter*, 87 S.W.3d at 150. Therefore, the fact that Energy Transfer made no attempt to keep Jones's identity confidential does not aid Plaintiffs.

The trial court made an express finding that "Defendants anticipated litigation at the time of the sound tests in question." Thus, the trial court also must have implicitly found that both prongs of the *National Tank* test were met. These findings are supported by the record. Therefore, even if the sound tests also had an ordinary business purpose, the trial court did not abuse its discretion, based upon the totality of the circumstances, in determining that Defendants anticipated litigation at the time the sound tests were performed.

Because Jones's mental impressions and opinions have not been reviewed by a testifying expert, those mental impressions and opinions are privileged unless they fall within an exception to the privilege or the privilege has been waived. *See* TEX. R. CIV. P. 192.3(e); *In re Mendez*, 234 S.W.3d 105, 109 (Tex. App.–El Paso 2007, orig. proceeding [mandamus denied]). The Courtneys urged in the trial court that Energy Transfer waived its consulting expert privilege. However, none of the other plaintiffs asserted an exception to the privilege or contended the privilege had been waived. Thus, the trial court did not abuse its discretion by failing to order production of the portions of the sound report referable to property owned by those plaintiffs.

## WAS THE CONSULTING EXPERT PRIVILEGE WAIVED?[4]

Notwithstanding its implied finding that Jones is a consulting expert, the trial court found that the sound data from the Courtneys' property was acquired by "agreement/consent" and ordered production of the raw data as well as the portion of Jones's report referable to the Courtneys' property. The trial court's order does not include any further findings regarding this portion of its ruling. But Plaintiffs contend, and we agree, that the trial court appears to have made an implied finding that Defendants waived the privilege by agreeing to share the results of the sound test with the Courtneys.

**Applicable Law**

A party may waive the consulting expert privilege. *See In re Mendez*, 234 S.W.3d at 109. But waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with that right. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006). Waiver of the consulting expert privilege is seldom found. *See, e.g., Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 560 (Tex. 1990) (privilege waived by offensive use when designated testifying experts were redesignated as consulting experts pursuant to settlement agreement in multiparty case);[5] *In re Ortuno*, No. 14-08-00457-CV, 2008 WL 2855028, at *2 (Tex. App.–Houston [14th Dist.] July 24, 2008, orig. proceeding) (mem. op.) (privilege waived where party voluntarily disclosed privileged information in open court); *Mendez*, 234 S.W.3d at 111 (privilege waived as to facts stated in controverting affidavit provided by consulting expert); *Hardesty v. Douglas*, 894 S.W.2d 548, 551 (Tex. App.–Waco 1995, orig. proceeding) (privilege waived by offensive use where testifying expert used in integral part of case was then redesignated as consulting expert). In fact, if a party produces privileged material without intending to waive the claim of privilege, no waiver occurs if, within ten days or a shorter time ordered by the court after

---

[4] An appellate court may not deal with disputed areas of fact in a mandamus proceeding. *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978). Waiver is ordinarily a question of fact. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006). But when the surrounding facts and circumstances are undisputed, as in this case, the question becomes one of law and can be addressed by mandamus. *See id.*

[5] In *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105 (Tex. 1985), the supreme court held that a party could not seek affirmative relief and then invoke privilege to prohibit discovery of evidence that would materially weaken or defeat its claims. *Id.* at 108. Such an attempted use of privilege was offensive, rather than defensive, and outside the intended scope of the claimed privilege. *Id.* The court later characterized this rule as the doctrine of waiver by offensive use. *See Owens-Corning Fiberglas Corp. v. Caldwell*, 818 S.W.2d 749, 752 (Tex. 1991).

the party discovers the erroneous production, the party amends the response, identifies the material produced, and states the privilege asserted. *See* Tex. R. Civ. P. 193.3(d).

**Analysis**

In his first email, Spears informed the Courtneys that Energy Transfer was scheduling a sound level survey. He also stated that he would "let [them] know what we find and what our plans are." In his second email, he informed them that "[a]fter the survey is complete and we receive the recommendations from HFP, I will let you know our plans and schedule." Similarly, Joey Courtney testified that Energy Transfer's representatives promised to email him the results of the sound tests. Plaintiffs contend that these statements are "ample uncontradicted evidence" that the Energy Transfer representatives agreed to provide them a copy of Jones's report. Therefore, they conclude, the record supports the trial court's implied finding of waiver. We disagree.

As stated above, waiver requires intent, which is shown by the intentional relinquishment of a known right or intentional conduct inconsistent with that right. *See **Gen. Elec. Capital***, 203 S.W.3d at 316. It is undisputed that Defendants never made an express promise to provide the Courtneys a copy of Jones's report, or to disclose his mental impressions and opinions to them. Moreover, Energy Transfer's promises to provide "what we find" and "the results" of the sound tests are not sufficiently definite to encompass the privileged report and information. Thus, the statements relied upon by Plaintiffs do not establish that Defendants intended to waive their consulting expert privilege. Therefore, the trial court could not have reasonably concluded that Defendants waived their consulting expert privilege. Accordingly, we hold that the trial court abused its discretion in ordering disclosure of the portion of Jones's report that is referable to the Courtneys' property.

**DISPOSITION**

We have held that the trial court abused its discretion in ordering production of the portion of the sound report referable to the Courtneys' property. Because Defendants have no adequate remedy by appeal, *see **Gen. Motors***, 951 S.W.2d at 476, we ***conditionally grant*** Defendants' petition for writ of mandamus. We trust that the trial court will promptly vacate the portion of its July 15, 2008 order requiring production of the sound report insofar as it pertains to the Courtneys' property and issue an order denying Plaintiffs' motion to compel production of the sound report. The writ will issue only if the trial court fails to comply with this court's opinion and order ***within ten (10)***

*days*.  The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.

We have also held that the trial court did not abuse its discretion in failing to order production of the entire sound report prepared by Jones.  Accordingly, we *deny* Plaintiffs' petition for writ of mandamus.


    BRIAN HOYLE   
Justice


Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

10