Juan **RODRIGUEZ–NARREA,**
Appellant,

v.

**John Oscar RIDINGER and Goodyear
Tire & Rubber Company,**
Appellees.

No. 2–99–342–CV.

Court of Appeals of Texas,
Fort Worth.

May 4, 2000.

The Law Offices of Steven M. Williams
and Robert O. Rafuse, Wichita Falls, for
Appellant.

Fillmore & Purtle and Mikal S. Lambert, Wichita Falls, for Appellee.

Panel B: LIVINGSTON and
HOLMAN, JJ.; JOHN HILL, J. (Retired,
Sitting by Assignment).

## OPINION

LIVINGSTON, Justice.

### Introduction

In this case, we must decide whether
evidence of medical expenses is properly
excluded when the proponent fails to file a
verifying affidavit at least 30 days before
the day on which evidence is first presented at trial as required by Texas Civil
Practice and Remedies Code section

18.001(d). Failure to comply with the provisions of section 18.001(d) requires a party to prove the reasonableness and necessity of medical expenses through traditional methods, i.e., through expert testimony. In this case, appellant neither complied with section 18.001 nor proved the expenses through expert testimony, and hence there was no evidence of the necessity or reasonableness of the medical expenses. We affirm the trial court's judgment.

## Background Facts

Appellant Juan Rodriguez–Narrea sued John Oscar Ridinger and Goodyear Tire & Rubber Company (appellees) for injuries resulting from a car accident. On August 17, August 20, and August 27, appellant filed with the trial court affidavits setting forth his medical bills and expenses. The trial began on September 13, 1999, and appellant first presented evidence to the jury on September 14. The trial court sustained appellees' objection to the affidavits because they were not filed 30 days before the evidence was presented as required by section 18.001, and were therefore inadmissible. As a result of this alleged error, appellant contends the jury award of $6,500.00 for past medical expenses caused by the accident is inadequate to compensate him for treatment that, he claims, cost $23,227.56. Although appellant prevailed at trial, in a single point he argues the trial court wrongfully applied section 18 .001 to business records which, according to Texas Rule of Evidence 902(10)(a), may be filed as late as 14 days before trial.

## Discussion

▮ Appellant argues his medical bills and expenses, verified by custodians' affidavits, were admissible as business records. *See* TEX. R. EVID. 803(6), 902(10). We agree. However, those exhibits would

have been admissible solely to prove the amount, not the reasonableness or necessity, of the expenses. *See Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex.App.—El Paso 1998, no pet.) (ordinarily, expert testimony is required to establish that medical expenses are reasonable and necessary); *see also American Cent. Ins. Co. v. Melton*, 389 S.W.2d 177, 180 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). Proof of amounts charged or paid is not proof of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing the charges were reasonable and necessary. *See Six Flags Over Tex., Inc. v. Parker*, 759 S.W.2d 758, 760 (Tex.App.—Fort Worth 1988, no writ).

Section 18.001 provides in relevant part:

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

. . . .

(d) The party offering the affidavit in evidence or the party's attorney must file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (Vernon 1997). This section creates an exception to the general rule requiring expert testimony. So long as the requirements of section 18.001 are met and the opponent does not file a controverting affidavit, a party may dispense with the inconvenience and expense of obtaining an expert to testify as to the necessity and reasonableness of the expenses. *See id.*

In this case, appellant did not meet the requirements of section 18.001 because he failed to file his affidavits 30 days prior to the presentation of evidence. Having presented no expert testimony on the issues of reasonableness or necessity,[1] appellant could not recover those amounts regardless of rule 803(6), unless he satisfied section 18.001. Because appellant failed to either comply with section 18.001 or get expert testimony before the jury, he did not establish his expenses as necessary and reasonable. Although the trial court erred by excluding the evidence to prove amount, that error was harmless because without proof of reasonableness and necessity, no recovery was possible. *See Glenn v. C & G Elec., Inc. .*, 977 S.W.2d 686, 689 (Tex.App.—Fort Worth 1998, pet. denied); *Six Flags*, 759 S.W.2d at 760–61.

## Conclusion

Even if the medical records were admissible as business records for a limited purpose (i.e. even if we sustain appellant's issue in part), there is no reversible error. The exclusion of the medical records did not result in an incorrect judgment because there was no evidence that the medical expenses were reasonable and necessary. Therefore, we affirm the judgment of the trial court.

---

1. Appellant did call two doctors for offers of proof concerning the necessity of services provided appellant; however, the trial court did not allow these experts to testify in front of the jury because, in one case appellant failed to designate the witness as an expert, and in the other case appellant failed to reveal the substance of the expert's testimony during discovery. Appellant does not challenge either of these rulings on appeal.