

## NUMBER 13-07-00648-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

MARK HADDARD, PERSONAL REPRESENTATIVE
FOR THE ESTATE OF VIRGINIA L. POTTER,                    Appellant,

v.

MARY MEDINA RIOS,                                            Appellee.

---

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Justice Benavides**

This appeal arises from a personal injury lawsuit involving a motor vehicle

accident.  By seven issues,[1] which we re-number as six, appellant Mark Haddard, as representative for the estate of Virginia Potter, argues the trial court erred when it:  (1) refused to enforce a Rule 11 agreement between the parties regarding the maximum extent of damages to be awarded; (2) admitted the testimony of a chiropractor on the issues of causation and damages; (3) excluded the testimony of Potter regarding why she could not attend trial; (4) overruled Potter's motion for new trial because the evidence was legally insufficient to support the jury's award on "past and future medical expenses"; (5) overruled the motion for new trial because the evidence was legally insufficient to support the jury's award on "lost wages"; and (6) overruled the motion for new trial regarding the jury's excessive award on mental anguish damages.  We affirm, in part, and reverse, in part.

## I. BACKGROUND

On February 10, 2003, Mary Medina Rios was injured when Potter's vehicle struck Rios's vehicle on the driver's side.  An ambulance transported Rios from the scene of the accident to the hospital, where she received treatment for her injuries. Rios subsequently filed suit against Potter for negligence.  Potter answered the lawsuit by filing a general denial.  Prior to the trial on the merits, the parties entered into a Rule 11 agreement wherein Rios agreed that she would not "seek damages" or "request that a

---

[1] Appellee Mary Medina Rios raised a counter-issue of subject matter jurisdiction in her response brief.  However, this Court already ruled on this issue on April 3, 2008 when we denied appellee's Motion to Dismiss Appeal.  Accordingly, we need not address that issue in this opinion.  *See* TEX. R. APP. P. 47.1.

jury award damages in excess of $74,999 for injuries she sustained" in the accident. *See* TEX. R. CIV. P. 11. At trial, a jury found in favor of Rios and awarded her $19,558.52 for past reasonable and necessary medical care, $30,000 for future medical care and expenses, $25,000 for past physical pain and suffering and mental anguish, $10,000 for future pain and suffering and mental anguish, and $5,000 for lost wages.

Prior to the judgment being signed, Potter passed away. On July 19, 2007, the trial court entered judgment in Rios's favor for $89,558.52. Potter's counsel filed a motion for new trial on August 16, 2007, which was denied. Haddard, as the representative of Potter's estate, has filed this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West 2008).

## II. ANALYSIS[2]

### A. The Testimony of Chiropractor

By his second issue, appellant argues that the trial court erred when it allowed Benjamin Barnett, D.O., a chiropractor, to testify about causation and damages in this case. The standard of review to determine whether a trial court properly allowed expert testimony is the abuse of discretion standard. *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718–19 (Tex. 1998); *E.I. du Pont du Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles such that the ruling was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238,

---

[2] For the purposes of clarity, we address some of the issues out of order.

3

241–42 (Tex. 1985). A reviewing court cannot conclude that a trial court abused its discretion simply because the reviewing court would have ruled differently. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex. 1989).

A person can be qualified as an expert based on their knowledge, skill, training, experience, or education. *Gammill*, 972 S.W.2d at 718; *see* TEX. R. EVID. 702. Experts can testify about scientific, technical, medical, or other specialized subjects if the testimony would assist the trier of fact to understand the evidence or determine a fact issue. *See Gammill*, 972 S.W.2d at 718; TEX. R. EVID. 702.

Although Dr. Barrett was not Rios's treating chiropractor after the car accident, the trial court allowed him to testify using his knowledge, skill, training, and experience that the car accident in which Rios was involved caused her bodily injuries. *See* TEX. R. EVID. 702. Dr. Barrett testified that he had an undergraduate degree in biology from Baylor University, a doctor of chiropractic medicine from Parker College of Chiropractic in Dallas, Texas, and that he practiced chiropractic medicine since 1999. He stated that part of his training and duties as a chiropractor was to review hospital and medical records and consult with other medical specialists to treat patients. During trial, Dr. Barnett opined that Rios's back trouble was the "result of some type of trauma," and not a condition previous to the accident. He testified that the disc herniations Rios suffered post-accident can occur when a person is involved in a vehicle collision, and that it was doubtful that her previous minor degenerative disease caused them.

In light of Dr. Barnett's qualifications and testimony, we hold that the trial court did

4

not abuse its discretion when it allowed Dr. Barnett to testify about causation and damages in this case. *Gammill*, 972 S.W.2d at 718–19; *E.I. du Pont*, 923 S.W.2d at 558. We overrule Haddard's second issue.

## B. The Exclusion of Potter's Testimony

By his third issue, appellant argues that the trial court erred when it failed to allow deposition testimony into evidence to show that Potter could not attend trial because of her poor health. Specifically, appellant wanted to admit Potter's deposition testimony into evidence stating that she had suffered four strokes. Haddard contended that this error "probably caused the rendition of an improper judgment." *See* TEX. R. APP. P. 44(a) ("no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment.").

The admission and exclusion of evidence is within the trial court's sound discretion. *See Bay Area Healthcare Group Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007)*; City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1994). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles." *E.I. du Pont*, 923 S.W.2d at 556. The trial court's ruling should only be reversed if it was arbitrary or unreasonable. *See id.*; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

To constitute reversible error, this Court must find that the district court's errors probably caused the rendition of an improper judgment or prevented a party from

5

properly presenting their case. *See Bay Area Healthcare*, 239 S.W.3d at 234; *see also* TEX. R. APP. P. 44.1. The complaining party must show that, when the record is reviewed as a whole, the judgment turns on the particular piece of evidence excluded or admitted. *See City of Brownsville*, 897 S.W. 2d at 753–54. The reviewing court then determines whether the case turns on the evidence excluded by reviewing the entire record. *Id.* at 754.

Haddard offered the deposition testimony to the court during an offer of proof. In response, Rios's counsel stated:

> Judge, we would reiterate our prior arguments to the Court. I have not made it any point during this trial on the issue with Ms. Potter's absence. I do not intend at the time of closing to in any way tell the jury or insinuate to the jury that she does not care because she is not here. I do not in any way make—I do not intend to make any reference with her absence here, and we think that for the jury to hear anything of that nature would only be prejudicial and inflame the jury to create sympathy. And I think because of that, combined with the fact that I do not intend to even mention it, it is improper to have the ladies and gentlemen of the jury to receive that type of evidence.

The trial court agreed with Rios and did not allow Potter's deposition testimony into evidence. Based on the record before us, we cannot conclude that the case turned on the exclusion of Potter's testimony, or that the exclusion was an abuse of the trial court's discretion. *See City of Brownsville*, 897 S.W. 2d at 753–54. Accordingly, we overrule Haddard's third issue.

## C. Evidence Regarding Past and Future Medical Expenses

Haddard's fourth issue argues that the evidence was legally insufficient to support the jury's award on "past and future medical expenses." We may sustain a legal

6

sufficiency challenge only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could, and disregard evidence contrary to the finding unless a reasonable fact finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

### 1. Past Medical Expenses

A claim for past medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries. *See Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840, 513 (Tex. 1997); *Transp. Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 305 (Tex. App.—Dallas 1988, no writ). The two ways in which a plaintiff can prove necessity of past medical expenses are (1) presenting expert testimony on the issues of reasonableness and necessity, or (2) presenting an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies Code. *See Walker v. Ricks*, 101 S.W.3d 740, 746–47 (Tex. App.—Corpus Christi 2003, no pet.); *Rodriguez-Narrea v. Ridinger*, 19 S.W.3d 531, 532-33 (Tex. App.—Fort Worth 2000, no pet.).

During trial, Rios presented the following evidence regarding her past medical

7

problems and expenses: (1) she was placed on a stretcher and taken to the hospital by ambulance after the accident; (2) her whole body was in pain; (3) healthcare professionals took x-rays and other tests at the hospital; (4) she was out of work for three months after the accident due to her pain and ongoing recovery; (5) she underwent months of therapy for neck pain, back pain, muscle spasms, chest pain, difficulty sleeping, lightheadedness, and continued headaches; and (6) a chiropractor discussed her continuing medical issues since the accident. Rios also testified that her pain after the accident was "totally different," and in a different location, than her back problems prior to the accident.

At the outset, we note that the dissent acknowledges that "to a certain extent, [it] agree[s]" that there is some causation evidence to substantiate past medical expenses. Under the *City of Keller* standard, some evidence favorable to the fact-finder's finding is all that is required. *See id.* The dissent relies upon *Guevara v. Ferrer* to support their contention that there is not enough evidence to support past medical damages. 247 S.W.3d 662 (Tex. 2007). However, *Guevara* is easily distinguishable. In *Guevara*, the decedent, Arturo Labao, was an 89 year-old-man with multiple health problems prior to the car accident that killed him. *Id.* at 664. Significantly, in *Guevara*, "no medical records from [Labao's] hospitalization were introduced and no medical testimony was introduced" at trial on the matter; only medical bills were introduced into evidence. *Guevara*, 247 S.W.3d at 664. Further, no medical expert testified for Guevara. *Guevara* is inapplicable to this case because the facts and evidence presented at trial

8

are notably different. Rios did not have a significant prior medical history like Labao did; Rios was a relatively healthy 52 year-old woman. Crucially, and unlike in *Guevara*, Rios offered her medical records and bills into evidence and had a chiropractic expert[3], Dr. Barnett, testify on her behalf. In *Guevara*, "no medical records from [Arturo's] hospitalization were introduced and no medical testimony was introduced." *Id*. at 664. The dissent's concern about causation being proven by a layperson, Rios, also seems misplaced when there is also causation testimony offered by Rios's medical expert, Dr. Barnett.

In sum, we conclude that Rios presented legally sufficient evidence under the *City of Keller* standard to support her award for past medical damages. *See City of Keller v. Wilson*, 168 S.W.3d at 827. Rios, unlike Labao in the *Guevara* case, offered medical records and a medical expert to testify on her behalf that her injuries were caused by this vehicle accident. A reasonable fact finder could have made the finding of past medical expenses in the amount awarded by the jury. *Id.*

### 2. Future Medical Expenses

To sustain an award of future medical expenses, the plaintiff must present evidence to establish that, in all reasonable probability, future medical care will be required. *See Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The plaintiff must also establish the

---

[3] The dissent "conclude[s] that expert testimony was required to establish some of Rios's damages," apparently disregarding Dr. Barnett's testimony.

reasonable cost of that care. *Id.*

During trial, Rios established her future medical costs with the testimony of Ruben Pechero, M.D. Dr. Pechero's medical testimony concerns Rios's left "frozen" shoulder, his recommended MRI and decompression therapy, and the possibility of future surgical intervention. Because Rios, through Dr. Pechero's recommendations, presented evidence regarding possible future medical care, we hold that a reasonable fact finder could have supported the finding of future medical expenses. *See City of Keller*, 168 S.W.3d at 827. We overrule appellant's fourth issue.

## D. Evidence Regarding Lost Wages

By his fifth issue, Haddard argues that there was legally insufficient evidence to support the jury's award of $5,000 in lost wages. Rios testified at trial that she was a hair dresser and that the accident kept her out of work for three months. There was no testimony offered with respect to the amount she earned, either hourly or monthly.

Lost wages concern the actual loss of income due to an individual's inability to perform a specific job which he held from the time of injury to the date of trial. *Border Apparel-East, Inc. v. Guadian*, 868 S.W.2d 894, 897 (Tex. App.—El Paso 1993, no writ). Evidence of the plaintiff's actual earnings before the injury is required, as is evidence of actual or possible earnings following injury. *City of Rosenberg v. Renken,* 616 S.W.2d 292, 293–94 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ).

Here, Rios introduced no evidence whatsoever with respect to the actual loss of income. Accordingly, under the *City of Keller* standard, we find there is insufficient

10

evidence to support the jury's award of $5,000 for lost wages. *See City of Keller*, 168 S.W.3d at 827. We sustain this issue.

## E.    The Jury's Award

Haddard's sixth issue argues that the trial court erred when it overruled his motion for new trial regarding the jury's excessive mental anguish award. A trial court has broad discretion in deciding whether to grant a new trial. *See Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding) (per curiam); *Montemayor v. Ortiz*, 208 S.W.3d 627, 664–65 (Tex. App.—Corpus Christi 2006, pet. denied). Here, the jury awarded $10,000 for future pain and suffering and mental anguish. Based on Rios's testimony that her whole body was in pain after the accident, that she was bedridden for three months, that she could not care for her handicapped daughter while recovering, that there are days when she does not want to get out of bed, and that she sometimes has to be driven to work because she panics in traffic, we find there was sufficient evidence to support this award. *See City of Keller*, 168 S.W.3d at 827. We overrule Haddard's sixth issue.

## F.    The Rule 11 Agreement

Haddard, by his first issue, contends that the trial court erred in refusing to enforce the Rule 11 agreement entered into between the parties with respect to the extent of damages and entering a judgment in excess of the amount agreed to between the parties. The parties' Rule 11 agreement stated:

> By signing below you are stipulating that your client, Mary Rios, will not seek damages in excess of $74,999.00 for injuries she sustained on

February 10, 2003 from the auto accident made the basis of this lawsuit. This letter can be filed in the court to memorialize our agreement. A copy will have the same force and effect as the original.

Defendants filed this Rule 11 with the court. After the jury verdict, the trial court awarded Rios damages in the amount of $89,558.52.

A Rule 11 agreement must be in writing and signed and filed with the court unless it is made in open court. *See* TEX. R. CIV. P. 11. A trial court has a ministerial duty to enforce a valid Rule 11 agreement. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex. 1996); *see also Columbia Rio Grande Health Care, L.P. v. De Leon*, No. 13-09-00496-CV, 2011 Tex. App. LEXIS 431, at *12 (Tex. App.—Corpus Christi Jan. 20, 2011, no pet.) (mem. op.).

Counsel for Rios argues that she did not seek damages greater than $74,999; instead, the jury just awarded more. However, Rios clearly sought entry of judgment in the amount of $89,558.52. The agreement was signed by both parties and was filed with the trial court. It met the requirements of a Rule 11 agreement in all respects. Rios raised the issue of the Rule 11 agreement at the motion for entry of judgment, but the trial court entered judgment in accordance with the jury verdict. Because the trial court had a ministerial duty to enforce the Rule 11 agreement, we sustain this issue.

### III. CONCLUSION

Having determined that there was no evidence offered with respect to lost wages and having found error in the trial court's refusal to enforce the parties' Rule 11 agreement, we reverse the judgment of the trial court and remand for reformation of the

12

judgment in accordance with this opinion. *See* TEX. R. APP. P. 43.2(d). The judgment is in all other respects, affirmed.

_____
GINA M. BENAVIDES,
Justice

Dissenting Memorandum Opinion
by Justice Rose Vela.

Delivered and filed the
5th day of April, 2012.